Docket No.: 23 Civ. 1489 (DLC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERVISIO SIMMON,

                                    Plaintiff,

-against-

CITY OF NEW YORK, and JOHN DOES 1-5,

                                    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED R. CIV. P. 12(C)**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
  *Attorney for the City of New York*
  *100 Church Street, Room 3-213*
  *New York, N.Y. 10007*

  *By: Felix De Jesus*
  *Tel: (212) 356-2377*
  *E-mail: felixdej@law.nyc.gov*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

SERVISIO SIMMON,

                                                      Plaintiff,        23 Civ. 1489 (DLC)

                              -against-

CITY OF NEW YORK, ET. AL.,

                                                      Defendants.

------------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED R. CIV. P. 12(C)

### PRELIMINARY STATEMENT

        In the instant complaint, plaintiff alleges that, on or about August 7, 2020, he was arrested and, after attempting to hang himself in a cell at an NYPD precinct, officers threw him against the wall and one officer put him in a headlock and applied pressure to his neck in such a way that he could not breathe. (See ECF No. 1, Complaint at ¶¶ 12-15, dated February 22, 2023.) Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging excessive force and failure to intervene claims against John Doe Officers and a *Monell* claim against the City of New York. (See id. at ¶¶ 25-39.) Plaintiff's arrest is not at issue in this lawsuit. (See id. at ¶ 9.)

        Notwithstanding, on July 1, 2022, plaintiff executed a General Release to resolve an unrelated claim filed with the New York City Office of the Comptroller (hereinafter "the Comptroller"). (See ECF No. 8-1 at 2-3.) In that General Release, plaintiff clearly and unambiguously "release[d]… the City of New York, and… [its] employees… from any and all liability… alleging… any and all claims… against the [City of New York and its employees] for, upon or by reason of any matter, cause or thing whatsoever that occurred through [July 1,

2022]…" and does not make an exception for any incident occurring on or about August 7, 2020. (See id. at 2.) As such, all claims against the City of New York and any and all identified or unidentified NYPD officers in this action are barred by the previously executed General Release, dated July 1, 2022, and defendant City of New York is entitled to judgment on the pleadings.

## STATEMENT OF FACTS

On or about June 28, 2021, plaintiff filed a claim with the New York City Office of the Comptroller (hereinafter "the Comptroller") against the City of New York and the New York City Department of Correction under claim number 2021PI016783 alleging claims related to an incident that occurred on May 20, 2021 (hereinafter "Simmon I"). (See Decl., at ¶ 1.) The Law Office of Matthew B. Waller represented plaintiff in Simmon I and, on July 1, 2022, in connection with a settlement in Simmon I, plaintiff executed a General Release. (See ECF No. 8-1 at 7.) Pursuant to the terms of the General Release, in exchange for the settlement, plaintiff agreed to:

> "release[] and forever discharge[] the City of New York, and all past and present officials, officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York, and all other individually named defendants and/or entities represented and/or indemnified by the City of New York, collectively the 'RELEASEES', from any and all liability, claims, or rights of action alleging a violation of civil rights and any and all claims, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, transactions, occurrences, agreements, promises, damages, variances, trespasses, extents, judgments, executions, and demands known or unknown, at law, in equity, or by administrative regulations, with RELEASOR, his/her heirs, distributees, devisees, legatees, executors, administrators, successors, and assignees had, now has or hereafter can, shall, or may have, either directly or through subrogees or other third persons, against the RELEASEES for, upon or by any reason of

any matter, cause or thing whatsoever that occurred through the date of this RELEASE"

(See ECF No. 8-1 at 2.) The claims in this action are pointedly *not* excluded from the General Release. (See id. at 2-3.)

Plaintiff commenced this action over six months *after* he signed the General Release in Simmon I by filing a federal complaint on February 22, 2023. (See ECF No. 1, Complaint, dated February 22, 2023.)

Defendant City of New York answered the Complaint on July 10, 2023. (See ECF No. 8, Answer, dated July 10, 2023.) In its Answer to the Complaint, defendant pled that this action is barred, in whole, by the terms of a General Release executed by plaintiff on July 1, 2022 as its Eighth Affirmative Defense, and attached the Simmon I General Release as Exhibit A to its Answer. (See id.)

On July 14, 2023, defendant filed a letter requesting a stay of all discovery pending the resolution of defendant's anticipated motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (See ECF No. 9, Letter Motion, dated July 14, 2023.) On July 19, 2023, the Court ordered defendant City of New York to provide plaintiff with the identities of the John Does alleged in the Complaint, set deadlines for defendant's motion for judgment on the pleadings, and stayed discovery pending resolution of any motion for judgment on the pleadings. (See ECF No. 11, Order, dated July 19, 2023.)

### STANDARD OF REVIEW

In deciding a motion for judgment on the pleadings, a district court must "employ the same standard applicable to Rule 12(b)(6) motions to dismiss." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 78 (2d Cir. 2015). This means "[a]ccepting the non-moving party's allegations as true and viewing the facts in the light most favorable to that party," and granting

judgment on the pleadings "if the moving party is entitled to judgment as a matter of law." Richards v. Select Ins. Co., 40 F. Supp. 2d 163, 165 (S.D.N.Y. March 11, 1999) (internal quotation marks omitted).

Under Rule 12(c), a party is entitled to judgment on the pleadings "only if it has established that no material issue of fact remains to be resolved." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted); see Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639, 642 (2d Cir. 1988) (noting that judgment on the pleadings "is appropriate where material facts are undisputed and where a judgment on the merits is possible merely by considering the contents of the pleadings"). "On a [Rule] 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case.'" L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011) (quoting Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009)). As such, the Simmon I General Release, which defendant attached to its Answer, and any documents incorporated by reference in the General Release, are appropriately considered by this Court.

## ARGUMENT

### POINT I

**THE GENERAL RELEASE SIGNED BY PLAINTIFF IN SIMMON I BARS ALL OF PLAINTIFF'S CLAIMS IN THIS ACTION**

It is well-settled in the Second Circuit that "[s]ettlement agreements are contracts and must therefore be construed according to general principles of contract law." Mateo v. Carinha, 799 Fed. App'x 51, 53 (2d Cir. 2020) (summary order) (quoting Collins v. Harrison-Bode, 303 F.3d 429, 433 (2d Cir. 2002)). Similarly, "[a] release is a species of contract and 'is

governed by the principles of contract law.'" Golden Pac. Bancorp v. FDIC, 273 F.3d 509, 514 (2d Cir. 2001) (quoting Bank of Am. Nat'l Trust & Sav. Ass'n v. Gallizeau, 766 F.2d 709, 715 (2d Cir. 1985)). Under general contract principles, the express terms of a contract cannot be supplemented or varied by matters beyond the "four corners" of the document or parol evidence of a party's intentions where the written agreement was intended to embody the entire agreement between the parties. Robinson v. Pierce, No. 11 Civ. 5516 (GBD)(AJP), 2012 U.S. Dist. LEXIS 33442, at **17–18 (S.D.N.Y. Mar. 13, 2012); see also Tromp v. City of New York, 465 F. App'x 50, 53 ("whereas" clause in a Stipulation of Settlement and Order of Dismissal, which was outside the "four corners" of the general release, does not limit the terms of the general release).

"Where the language of [a] release is clear, effect must be given to the intent of the parties as indicated by the language employed." Mateo, 799 Fed. App'x at 53 (quoting Wang v. Paterson, No. 07 Civ. 2032 (LTS)(AJP), 2008 U.S. Dist. LEXIS 102495, at *4 (S.D.N.Y. Dec. 18, 2008); see also Horton v. Empire Bail Bonds, No. 09-CV-1635 (JG), 2010 U.S. Dist. LEXIS 44958, at *6 (E.D.N.Y. May 7, 2010) ("The primary objective when interpreting a contract is to give effect to the intent of the parties as revealed by the language of their agreement.") (internal citation and quotations omitted). As the Second Circuit has noted, "'[w]ords of [G]eneral [R]elease are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existent controversies.'" Tromp, 465 Fed. App'x at 52 (quoting A.A. Truck Renting Corp. v. Navistar, Inc., 916 N.Y.S.2d 194, 196 (2d Dep't 2011)).

Plaintiff's subjective understanding of the applicability of the Simmon I General is irrelevant to the General Release's enforceability. With "'unambiguous contracts,'" plaintiff's "'subjective intent and understanding of the terms is irrelevant.'" Cuadrado v. Zito, No. 13 Civ. 3321 (VB), 2014 U.S. Dist. LEXIS 57184 at *6 (S.D.N.Y. Mar. 21, 2014) (quoting HOP Energy, L.L.C. v. Local 553 Pension Fund, 678 F.3d 158, 162 (2d Cir. 2012)). The unambiguous language of the release – not plaintiff's subjective understanding of it – controls. See Lurch v. Chaput, No. 16 Civ. 2517 (AT)(RWL), 2018 U.S. Dist. LEXIS 200517 at *7-*8 (S.D.N.Y. Nov. 2, 2018); Dinkins v. Harris, No. 15 Civ. 8914 (GHW), 2016 U.S. Dist. LEXIS 85277 at *8 (S.D.N.Y. June 29, 2016) (citing HOP Energy, L.L.C., 678 F.3d at 162). Moreover, plaintiff acknowledged that "[t]his RELEASE may not be changed orally. **THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT**." (See ECF No. 8-1 at 3.)

The Simmon I General Release unambiguously and unquestionably released the City of New York and its past and present employees, including any John Does alleged in plaintiff's Complaint, from any potential claims that accrued prior to the date plaintiff signed the Release on July 1, 2022. (See ECF No. 8-1 at 2-3.) The Simmon I General Release does not make an exception for any incident occurring on or about August 7, 2020. See id. Thus, there can be no dispute that the unambiguous language of the Simmon I General Release released defendant City of New York, and any John Doe defendants, from liability for claims brought in the instant complaint, which arise out of events occurring almost two years *prior* to the date plaintiff signed the Simmon I General Release. The instant matter should therefore be dismissed, with prejudice.

Furthermore, plaintiff agreed to the terms of the Simmon I General Release in consideration for a substantial sum of money, and was represented by counsel when he did so. (See ECF No. 8-1 at 3, 7-8). Plaintiff cannot argue that his attorney in Simmon I failed to explain the terms and significance of the General Release to him. See Mateo, 799 Fed. App'x at 53. This is primarily because any such argument would "raise[] at most a claim of legal malpractice, not a basis for avoidance of the General Release." See Lurch v. Lorenzana, No. 16 Civ. 9343 (PGG), 2018 U.S. Dist. LEXIS 200522, at *14 (S.D.N.Y. Aug. 30, 2018) (quoting Whittington v. Woods, No. 13 Civ. 8535 (LTS) (RLE), 2016 U.S. Dist. LEXIS 24937, at *4-*5 (S.D.N.Y. Mar. 1, 2016) (plaintiff's argument that his attorney failed to sufficiently explain the consequences of the general release to him did not support a claim for duress or fraud)).

Moreover, even if plaintiff's attorney had misrepresented the effect of the General Release, plaintiff's reliance on any alleged misrepresentations would not be reasonable in light of the unambiguous language of the General Release, which plaintiff affirmed he understood. See Swinson v. City of New York, No. 12 Civ. 6080 (VB), 2015 U.S. Dist. LEXIS 28425, at *7 (S.D.N.Y. Feb. 11, 2015) ("The General Release unambiguously states that plaintiff was releasing his claims against the City; the Release does not mention Asher & Associates, or their representation of plaintiff [. . . .] Thus, plaintiff's reliance on the alleged misrepresentations was unjustified."). Indeed, courts have consistently enforced General Releases in § 1983 actions against the City and its agents even when the plaintiff is proceeding *pro se*. See generally Lurch, 2018 U.S. Dist. LEXIS 200522; see, e.g., Dinkins v. Harris, No. 15 Civ. 8914 (GHW), 2016 U.S. Dist. LEXIS 85277, at **7–8 (S.D.N.Y. June 29, 2016); Staples v. Acolatza, No. 14 Civ. 3922 (WHP), 2016 U.S. Dist. LEXIS 153764, at *6-*7 (S.D.N.Y. Mar. 9, 2016); Lauderdale v. City of New York, No. 06 Civ. 13184 (AKH), 2009 U.S. Dist. LEXIS 71556, at *4 (S.D.N.Y. Aug. 12,

2009) ("[t]he fact that Plaintiff proceeded pro se does not diminish the enforceability of the […] settlement agreement") (citations omitted).

Accordingly, the terms of the July 1, 2023 General Release in <u>Simmon I</u> are unambiguous and bar all of the claims in this action. Thus, this action must be dismissed in its entirety, with prejudice.

## **CONCLUSION**

For the foregoing reasons, defendant City of New York respectfully request that the Court grant their motion for judgment on the pleadings, together with such other and further relief as this Court may deem just and proper.

Dated: August 9, 2023
      New York, New York

                              HON. SYLVIA O. HINDS-RADIX
                              Corporation Counsel of the City of New York
                              *Attorney for defendant City of New York*
                              100 Church Street, Room 3-213
                              New York, NY 10007

                      By:     */s/ Felix De Jesus*
                              Felix De Jesus
                              *Assistant Corporation Counsel*
                              Tel: (212) 356-2377
                              E-mail: felixdej@law.nyc.gov

cc:    **BY ECF**
       *All attorneys of record*