**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERVISIO SIMMON,<br><br>                    Plaintiff,<br><br>              vs.<br><br>CITY OF NEW YORK, ET AL,<br><br>                    Defendants. | Index No. 1:23-CV-01489 |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C)**



14 Wall Street, Suite 1603
New York, NY 10005

On the Brief:

    **Masai I. Lord, Esq**

## TABLE OF CONTENTS

**TABLE OF CONTENTS**……………………………………………………………………….i

**TABLE OF AUTHORITIES**…………………………………………………………………..ii

**PRELIMINARY STATEMENT**………………………………………………………………1

**STATEMENT OF FACTS**……………………………………………………………………1

**LEGAL STANDARD**…………………………………………………………………………2

**ARGUMENT**

    **I.**    **Defendant's Motion Must Be Treated As A Motion For Summary Judgment**………………………………………………………………………4

    **II.**    **Defendant's Motion Must Be Denied Because Plaintiff Never Signed The General Release**………………………………………………………………………5

**CONCLUSION**………………………………………………………………………………..6

**TABLE OF AUTHORITIES**

**CASES**

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1945, 173 L.Ed.2d 868 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007))……………….2

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir.2007)…………………..…..3

*Beaulieu v. Vermont*, No. 2:10-cv-00032, 2010 WL 3632460, at *3 (D. Vt. Aug. 5, 2010) (*citing Gomez v. Toledo,* 446 U.S. 635, 640 (1980) )……………………………………………………3

*Cleveland v. Caplaw Enters*., 448 F.3d 518, 521 (2d Cir  2006)………………………………….2

*Easton v. Sundram,* 947 F.2d 1011, 1015 (2d Cir.1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992)………………………………………………………………...3

*Ford v. Fourth Lenox Terrace,* No. 09 CV 2660, 2011 WL 2848654 at *5 (S.D.N.Y. July 18, 2011)………………………………………………………………………….5

*Global Network Commc'ns, Inc. v. City of New York* F.3d 150, 155 (2d Cir. 2006). ……………..4

*Hernandez v. Coughlin,* 18 F.3d 133 (2d Cir. 1994) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957))…………………………………………………..3

*Ibarzabal v. Morgan Stanley DW, Inc.,* 333 Fed.Appx. 605, 606-07 (2d Cir. 2009)……………..3

*Mateo v. Carinha*, 799 F. App'x 51 (2d Cir. 2020)……………………………………………..4

*Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300* (2d. Cir. 2003)………………………2

*Podell v. Citicorp Diners Club, Inc.*, 859 F. Supp. 701 (S.D.N.Y. 1994)……………………….3

*Williams v. New York State Office of Mental* Health, No. 10-CV-1022 SLT JO, 2014 WL 1311405 (E.D.N.Y. Mar. 31, 2014(quoting 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1368 (3d ed.).)…………………………………………………………….5

*Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974*)*………………3

**STATUTES**

FED. R. CIV. P. 12(D)……………………………………………………………………….2,4

FED. R. CIV. P. 12(C)……………………………………………………………………….2, 4

FED. R. CIV. P. 12(B)(6)……………………………………………………………………….2

Plaintiff Servisio Simmon ("Mr. Simmon" or "Plaintiff") hereby submits this Memorandum in Opposition to the Motion for Judgment on the Pleadings by Defendant City of New York.

**PRELIMINARY STATEMENT**

The entirety of the City's argument for judgment on the pleadings is based upon Plaintiff Servisio Simmon signing the general release. However, as stated in Plaintiff sworn affidavit, Mr. Simmon never actually signed the general release nor has he ever seen it. The attorney assigned to the matter asked if he (the attorney) could sign settlement paperwork on his behalf, but failed to inform him of any general release. Due to Plaintiff having never signed the document, Defendant's are precluded from using the release, because the language that "the undersigned has read the foregoing release and fully understands it," does not apply. Therefore, at the very least there are material issues of fact that remain to be resolved, specifically whether the release can apply to Plaintiff. In addition, this Court should decline to apply this release against Mr. Simmon based on basic contract principles and public policy.

**STATEMENT OF FACTS RELEVANT TO THE MOTION**

On August 08, 2020, Mr. Simmon woke up in his cell and told officers that he was suicidal. Mr. Simmon had a past history of mental health issues and should have been diagnosed as an Emotionally Disturbed Person. Plaintiff's mental health was worsened due to, after telling officers he was suicidal, a detective telling Mr. Simmon he was facing life in prison.

As a result, Mr. Simmon suffered a mental health crisis. He attempted to hang himself in his cell. Instead of attempting to assist Mr. Simmon, the Officers put Plaintiff in

1

a headlock and applied pressure that caused him not to breathe. Ultimately, the officers fractured his wrist and, after the fracture, Mr. Simmon heard the officers attempt to tell the medical professionals to label it an "old injury."

On July 01, 2022, a general release was submitted to the City Comptroller in Claim No. 2021PI016783. Mr. Simmon has never seen the general release before signing the affidavit, nor has he had the terms of the general release read to him, and that is not his signature on the document. Exhibit A: Affidavit of Servisio Simmon.

## LEGAL STANDARD

Federal Rule of Civil Procedure Rule 12(c) provides that after the pleadings are closed – but early enough not to delay trial- a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). If matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Fed. R. Civ. P. 56. . Fed. R. Civ. P. 12(d). Court have been unwilling to grant a 12(c) motion "unless the movant clearly establishes that no material issue of fact remains to be resolved and [Defendant] is entitles to judgment as a matter of law. *Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300* (2d. Cir. 2003).

In general, the standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) Motion to dismiss for failure to state a claim. *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir 2006). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1945, 173 L.Ed.2d 868 (2009) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007)). When determining whether a complaint states a claim,

2

the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir.2007). Nevertheless, in drafting its complaint, a plaintiff "need not anticipate or attempt to defuse potential defenses, and failure to do so is not grounds for dismissal." *Beaulieu v. Vermont*, No. 2:10-cv-00032, 2010 WL 3632460, at *3 (D. Vt. Aug. 5, 2010) (*citing Gomez v. Toledo*, 446 U.S. 635, 640 (1980) ); *see Ibarzabal v. Morgan Stanley DW, Inc.*, 333 Fed.Appx. 605, 606-07 (2d Cir. 2009).

The complaint may be dismissed only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hernandez v. Coughlin*, 18 F.3d 133 (2d Cir. 1994) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). This standard is applied with even greater force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*. *Hernandez v. Coughlin*, 18 F.3d 133 (2d Cir. 1994) *See Easton v. Sundram,* 947 F.2d 1011, 1015 (2d Cir.1991), *cert. denied,* 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed.2d 548 (1992).

"The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974*); Podell v. Citicorp Diners Club, Inc.*, 859 F. Supp. 701 (S.D.N.Y. 1994).

**ARGUMENT**

I.   **Defendant's Motion Must Be Treated As A Motion For Summary Judgment**

Pursuant to Fed R. Civ. P. 12(d), Defendant's motion for judgment on the pleadings must be converted to a motion for summary judgment. This is due to Defendant's motion for judgment on the pleadings bearing no relation to the allegations in the Complaint, but based on an extrinsic document.[1] In response to this affirmative defense, Plaintiff was forced to go outside the pleadings and draft an affirmation to address the claims in the affirmative defense. Affidavits are generally considered matters outside the pleadings. See, generally, *Global Network Commc'ns, Inc. v. City of New York* F.3d 150, 155 (2d Cir. 2006).

It should also be noted that there is no requirement that a Rule 12(c) motion be made at the onset of litigation. In fact, Rule 12(c) provides a rather lengthy timeframe for the motion to be made, as long as the motion "does not delay trial." Fed. R. Civ. P. 12(c). Here, Defendant's chose to make a Rule 12(c) motion prior to the completion, or even start of Discovery, depriving themselves of the opportunity to review any evidence that Plaintiff may have produced in response to Defendant's affirmative defense. Defendant's are ostensibly attempting to get the proverbial "multiple bites at the apple," which is prohibited under 12(c) when involving matters outside the pleadings.

---

[1] Plaintiff concedes that the document was attached to the Answer, however it is still an affirmative defense that Plaintiff cannot respond to without producing an Affirmation.

4

## II.   Defendant's Motion Must Be Denied Because Plaintiff Never Signed The General Release

It is well settled that releases are contracts and therefore must be construed according to general principles of contract law. See, *Mateo v. Carinha*, 799 F. App'x 51 (2d Cir. 2020). Here, Plaintiff's affidavit indicates that he did not sign the release. Therefore, Plaintiff cannot be held responsible for a contractual agreement that he never signed.

Defendant's entire argument is predicated on the fact that the release was signed by Plaintiff. At the very least, Plaintiff's affidavit creates a genuine issue of material fact that must be decided by a jury. Given that the summary judgment standard is lower than the standard applied for a judgment to dismiss on the pleadings, if it would survive summary judgment it most certainly would survive a 12(b)(c) motion. "Because "hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense," district courts should not "grant a motion under Rule 12(c) unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Williams v. New York State Office of Mental* Health, No. 10-CV-1022 SLT JO, 2014 WL 1311405 (E.D.N.Y. Mar. 31, 2014(quoting 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1368 (3d ed.).) At this stage of litigation, the Court is required to all inferences in favor of Plaintiff.

Due to Plaintiff having never signed the Release, Defendant's remaining arguments are also unavailing. The contract cannot be deemed unambiguous, due to Plaintiff having never signed the agreement. Nor, can Defendants argue that it is irrelevant whether Plaintiff's attorney properly explained the terms of the General Release, because the

contract was never signed.  Specifically – because the presumption of understanding of a signed document does not apply.  *Ford v. Fourth Lenox Terrace*, No. 09 CV 2660, 2011 WL 2848654 at *5 (S.D.N.Y. July 18, 2011)("Under New York law, a person who signs a contract is presumed to understand it, absent actual evidence of fraud or another defense to enforcement.")  Finally, Defendants cannot argue that Plaintiff mistakenly relied on any misrepresentation but can still be held to the language in the contract, because Plaintiff never signed the contract and cannot be held liable to the language included.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's motion to dismiss in its entirety.

Dated:   New York, New York
         September 19, 2023

By: _____
    Masai I. Lord

    14 Wall Street, Suite 1603
    New York, New York 10005
    Phone: 718-701-1002
    Fax: 718-701-1002