

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**FELIX DE JESUS**
*Assistant Corporation Counsel*
felixdej@law.nyc.gov
Phone: (212) 356-2377
Fax: (212) 356-1148

September 26, 2023

**VIA ECF**
Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

       Re: <u>Servisio Simmon v. City of New York, et. al.</u>, 23-CV-1489 (DLC)

Your Honor:

       I am an Assistant Corporation Counsel in the Office of Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced action. Defendant writes in response to plaintiff's opposition to defendant's motion for judgment on the pleadings, and further submits that, for the reasons described herein, as well as in defendant's initial moving papers all of plaintiff's claims should be dismissed.

       A. <u>Procedural Background</u>

       On July 14, 2023, defendant filed a letter requesting a stay of all discovery pending the resolution of defendant's anticipated motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* ECF No. 9 (Letter Motion, dated July 14, 2023). On July 19, 2023, the Court ordered defendant City of New York to provide plaintiff with the identities of the John Does alleged in the Complaint, set deadlines for defendant's motion for judgment on the pleadings, and stayed discovery pending resolution of any motion for judgment on the pleadings. *See* ECF No. 11 (Order, dated July 19, 2023).

       On August 9, 2023, in accordance with the briefing schedule, defendant filed its motion for judgment on the pleadings. *See* ECF Nos. 17-19. Therein, defendant argued that all of plaintiff's claims were all barred by the terms of a General Release entered into between plaintiff and the City of New York on July 1, 2022, in the unrelated matter under claim number 2021PI016783 alleging claims related to an incident that occurred on May 20, 2021 (hereinafter "*Simmon I*"). *See* ECF No. 19.

B. Plaintiff's Opposition is Unavailing

On September 19, 2023, plaintiff filed his opposition to defendant's motion for judgment on the pleadings. *See* ECF Nos. 24-25. Plaintiff argues, primarily, that "[t]his is the first time I have ever seen [the 'General Release']," "I have never read the terms of this Release nor had the terms read to me," "I did not sign this document," and "[m]y attorney asked if they could sign settlement paperwork on my behalf. I was not informed nor notified that there was general release *[sic]* that would extinguish all of my other claims." *See* ECF No. 24-1 (Affidavit of Servisio Simmon in Opposition to Motion for Judgment on the Pleadings (hereinafter "plaintiff's Affidavit")). None of these arguments are persuasive.

First and foremost, it is unclear from plaintiff's Affidavit what "General Release" he is claiming to have reviewed. Plaintiff's Affidavit says "2. I have reviewed the 'General Release' that was attached as Exhibit One to this Affidavit." *See* ECF No. 24-1. However, there is no general release attached as Exhibit One to plaintiff's Affidavit. *See* ECF No. 24-1. As such, for purposes of replying in full to plaintiff's opposition to defendant's motion for judgment on the pleadings, defendant assumes that plaintiff refers to the *Simmon I* General Release attached as Exhibit A to defendant's Answer. *See* ECF No. 8 (Answer, dated July 10, 2023).

1. Plaintiff Cannot Create A Genuine Dispute of Fact as to Whether He Signed The General Release in *Simmon I*

Under general contract principles, the express terms of a contract cannot be supplemented or varied by matters beyond the "four corners" of the document or parol evidence of a party's intentions where the written agreement was intended to embody the entire agreement between the parties. *See Robinson v. Pierce*, No. 11 Civ. 5516 (GBD)(AJP), 2012 U.S. Dist. LEXIS 33442, at \*\*17–18 (S.D.N.Y. Mar. 13, 2012). Indeed, "[w]here the language of [a] release is clear, effect must be given to the intent of the parties as indicated by the language employed." *Mateo v. Carinha*, 799 Fed. App'x 51, 53 (2d Cir. 2020) (summary order) (internal quotations omitted). Moreover, in the context of a general release, the express terms agreed to therein "are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existent controversies." *Tromp v. City of New York*, 465 F. App'x 50, 52 (2d Cir. 2012) (quoting *A.A. Truck Renting Corp. v. Navistar, Inc.*, 916 N.Y.S.2d 194, 196 (2d Dep't 2011)).

Plaintiff's opposition attempts to create a dispute of fact by improperly citing to parol evidence and otherwise making arguments that are inadmissible in the context of this Court's interpretation of a plainly unambiguous contract. *See Robinson*, 2012 U.S. Dist. LEXIS 33442, at \*19 (statements made to plaintiff by his attorney regarding the effect of a general release are inadmissible where the plain language of the release is unambiguous). Indeed, given the explicit, unambiguous terms of the General Release executed in *Simmon I*, it is immaterial to the effect of the General Release on the claims advanced by plaintiff in the instant matter that plaintiff now claims he had not previously read the terms of this Release nor had the terms read to him and that plaintiff was not informed that there was a general release. In fact, assuming that is all true, this would "raise[] at most a claim of legal malpractice, not a basis for avoidance of the General

Release." *See Lurch v. Lorenzana*, No. 16 Civ. 9343 (PGG), 2018 U.S. Dist. LEXIS 200522, at *14 (S.D.N.Y. Aug. 30, 2018) (quoting *Whittington v. Woods*, No. 13 Civ. 8535 (LTS) (RLE), 2016 U.S. Dist. LEXIS 24937, at *2 (S.D.N.Y. Mar. 1, 2016) (plaintiff's argument that his attorney failed to sufficiently explain the consequences of the [G]eneral [R]elease to him did not support a claim for duress or fraud)).

In any event, plaintiff has failed to present "clear and convincing evidence" to rebut the presumption that the notarized signature on the *Simmon I* General Release is authentic. *See First Indem. Of Am. Ins. Co. v. Shinas*, No. 03 Civ. 6634 (KMW)(KNF), 2009 U.S. Dist. LEXIS 91103, *20 - *21 (S.D.N.Y. Sept. 30, 2009) ("Under New York law, a certificate of acknowledgment by a notary public gives rise to a presumption of due execution that can be rebutted only upon 'a showing of clear and convincing evidence to the contrary.' […] The mere 'unsupported testimony of an interested witness' that he or she did not sign the document is insufficient to rebut the presumption that a notarized signature is authentic.") (internal citation omitted); *see also Orix Fin. Servs. v. Thunder Ridge Energy, Inc.*, No. 01 Civ. 4788 (RJH) (HBP), 2005 U.S. Dist. LEXIS 41889, *43 (S.D.N.Y. Dec. 29, 2005); *Demblewski v. Demblewski*, 701 N.Y.S.2d 567, 568 (4th Dept. 1999) ("Although plaintiff's decedent testified that his signatures on various deeds were forged, that ' 'unsupported testimony of [an] interested witness[]' ' is insufficient to meet his burden of proof"). Plaintiff's sole affidavit is insufficient to rebut this presumption. *See First Indem. Of Am. Ins. Co. v. Shinas*, No. 03 Civ. 6634 (KMW)(KNF), 2009 U.S. Dist. LEXIS 91103, *31 (S.D.N.Y. Sept. 30, 2009) (L. Rusin "has offered only (1) her own testimony that she did not sign the Alasia Indemnity Agreement, and (2) copies of her signature on her driver's license and U.S. Passport. L. Rusin's unsupported testimony and the bare examples of her signature fail to raise a triable issue of fact to rebut New York's presumption of due execution.") (internal citation omitted).

For the foregoing reasons, as well as those set forth in defendant's initial moving papers, defendant respectfully requests that the Court grant its motion for judgment on the pleadings.

Defendant thanks the Court for its time and attention to this matter.

Respectfully submitted,

*Felix De Jesus*

Felix De Jesus
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   **VIA ECF**
      *All Counsel of Record*