```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
SERVISIO SIMMON,                         :
                                         :
                      Plaintiff,         :    23cv1489 (DLC)
           -v-                           :
                                         :    OPINION AND
CITY OF NEW YORK, et al.,                :       ORDER
                                         :
                      Defendants.        :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:
Masai I Lord
Lord Law Group PLLC
14 Wall St
Suite 1603
New York, NY 10005

For defendants:
Felix Octavio De Jesus
Rachel Amy Seligman
New York City Law Department
100 Church Street
New York, NY 10007

DENISE COTE, District Judge:

Plaintiff Servisio Simmon ("Simmon") brings this action pursuant to 42 U.S.C. § 1983 against the City of New York ("City") and New York police officer John Does.  Plaintiff alleges violations of his civil rights arising out of an August 7, 2020 arrest.  The City has moved for judgment on the pleadings, arguing that Simmon's claims are barred by a general

release that Simmon signed in connection with the settlement of another claim. The City's motion is granted.

## Background

The following facts are taken from the evidence submitted in connection with the motion. The facts are undisputed unless otherwise noted.

In 2021, plaintiff filed a claim with the New York City Office of the Comptroller against the City and the New York City Department of Correction under claim number 2021PI016783, alleging civil rights violations related to an assault and battery that he alleged occurred on May 20, 2021 (hereinafter "Simmon I") and that injured him. Simmon was represented in Simmon I by the Law Office of Matthew B. Waller.

To settle the claim, the City agreed to pay a sum of money to Simmon upon receipt of a release and other related documents. Simmon's attorney provided a signed and notarized general release from Simmon (the "General Release") dated July 1, 2022 to the City.[1] The General Release states that, in consideration of payment to him by the City, Simmon

> voluntarily, knowingly, and willingly <u>releases and forever discharges</u> the City of New York, and all past and present officials, officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the City of New York, and all other individually named defendants and/or entities

---

[1] Simmon denies signing the General Release.

>represented and/or indemnified by the City of New
>York, collectively the 'RELEASEES,' <u>from any and all
>liability, claims, or rights of action alleging a
>violation of civil rights</u> . . . , which [plaintiff] .
>. . had, <u>now has or hereafter can, shall, or may have</u>,
>. . . against the RELEASEES <u>for</u>, upon or by reason of
><u>any</u> matter, cause, or <u>thing whatsoever that occurred
>through the date of this RELEASE</u>."

(emphasis added).

On February 22, 2023, Simmon commenced the instant action against the City and police officer John Does, alleging violations of his civil rights arising out of an August 7, 2020 arrest ("Simmon II"). The City's answer to plaintiff's complaint, filed on July 10, raised the affirmative defense that Simmon II is barred by the terms of the General Release. Defendant attached the General Release to its answer as Exhibit A.

On July 14, the City filed a letter requesting a stay of all discovery pending the resolution of a forthcoming motion for judgment on the pleadings. An Order of July 19 granted the stay and set a briefing schedule for the motion.

On August 9, the City moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). On September 19, the plaintiff filed his opposition. In support of his opposition, Simmon submitted an affidavit dated September 1. In the affidavit, Simmon states that he had never seen the General Release before, he "never read the terms of [the General

3

Release] nor had the terms read to" him, he did not sign the document, and although his attorney "asked if they could sign settlement paperwork on [his] behalf," he "was not informed nor notified that there was general release that would extinguish all of [his] other claims." The motion became fully submitted on September 26.

## Discussion

Although the City has moved for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P., a court may convert a 12(c) motion into a motion for summary judgment under Rule 56, Fed. R. Civ. P., when "matters outside the pleading are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). A district court may not so convert a motion under Rule 12(d), however, unless "[a]ll parties [were] given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The conversion of a motion "into one for summary judgment is governed by principles of substance rather than form." Palin v. N.Y. Times Co., 940 F.3d 804, 811 (2d Cir. 2019). "[T]he essential inquiry is whether the [nonmovant] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment." Id. at 811-12.

The nonmovant here, plaintiff, argued in his opposition brief that the City's motion should be converted into a motion for summary judgment. Plaintiff submitted an affidavit with that opposition. The City thereafter had notice that the motion may be converted into a motion for summary judgment, and did not oppose that request in its reply brief. Accordingly, all parties have had a reasonable opportunity to present supporting material. In these circumstances, it is appropriate to convert the defendants' motion for judgment on the pleadings to a motion for summary judgment.

Summary judgment may be granted only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "To present a genuine issue of material fact sufficient to defeat a motion for summary judgment, the record must contain contradictory evidence such that a reasonable jury could return a verdict for the nonmoving party." Horror Inc. v. Miller, 15 F.4th 232, 241 (2d Cir. 2021) (citation omitted). Material facts are those facts that "might affect the outcome of the suit under the governing law." Choi v. Tower Rsch. Cap. LLC, 2 F.4th 10, 16 (2d Cir. 2021) (citation omitted). In considering a motion for summary judgment, a court "construe[s] the facts in the light most favorable to the non-moving party

and must resolve all ambiguities and draw all reasonable inferences against the movant." Kee v. City of New York, 12 F.4th 150, 158 (2d Cir. 2021) (citation omitted). Nonetheless, "[t]o defeat summary judgment . . . non-moving parties must do more than simply show that there is some metaphysical doubt as to the material facts and they may not rely on conclusory allegations or unsubstantiated speculation." Bermudez v. City of New York, 790 F.3d 368, 373-74 (2d Cir. 2015) (citation omitted).

Settlement agreements and releases are construed according to the general principles of contract law. Murphy v. Inst. of Int'l Educ., 32 F.4th 146, 150 (2d Cir. 2022). Under New York law,[2] "[a] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms." Universal Instruments Corp. v. Micro Sys. Eng'g, Inc., 924 F.3d 32, 41 (2d Cir. 2019) (citation omitted). A contract is unambiguous if its language "has a definite and precise meaning . . . [about] which there is no reasonable basis for a difference of opinion." Electra v. 59

---

[2] The parties do not address the proper choice of law for this motion. Their briefs apply New York law, however, so the Court will apply New York law, as well. Chau v. Lewis, 771 F.3d 118, 126 (2d Cir. 2014) ("The parties' briefs assume that New York law controls, and such implied consent is sufficient to establish choice of law." (citation omitted)).

Murray Enterprises, Inc., 987 F.3d 233, 245 (2d Cir. 2021) (citation omitted).  "If the terms of a contract are clear, courts must take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself."  Fisher v. SD Prot. Inc., 948 F.3d 593, 606 (2d Cir. 2020) (citation omitted).

    The language of the General Release is unambiguous.  It bars Simmon from bringing suit against the City or its employees for civil rights claims that accrued before July 1, 2022.  The events underlying plaintiff's civil rights claims in Simmon II occurred in August 2020 -- almost two years before plaintiff signed the General Release.  Accordingly, Simmon is barred from asserting the claims pled in this action.

    Plaintiff's arguments to the contrary are not persuasive. First, plaintiff states that he "did not sign" the General Release.  The General Release contains a legible signature, reading Servisio Simmon, which was authenticated by a notary public.  Under New York law, a notarized signature gives rise to a "presumption that the signature [is] authentic, which [can] only be successfully rebutted by clear and convincing evidence." AEI Life LLC v. Lincoln Benefit Life Co., 892 F.3d 126, 139 (2d Cir. 2018).  The "unsupported testimony of an interested

7

witness" is insufficient as a matter of law to rebut the presumption that a notarized signature is authentic. See, e.g., Demblewski v. Demblewski, 701 N.Y.S.2d 567, 568 (4th Dept. 1999); see also First Indem. of Am. Ins. Co. v. Shinas, No. 03cv6634 (KMW), 2009 WL 3154282, at *6 (S.D.N.Y. Sept. 30, 2009). Accordingly, Simmon's affidavit, which states only that he "did not sign" the General Release and provides no supporting evidence, fails to raise a triable issue of fact as to the authenticity of his notarized signature on the General Release.

Simmon further contends that the General Release is invalid because his lawyer did not inform him that it "would extinguish all of [his] other claims." With unambiguous contracts, however, "a party's subjective intent and understanding of the terms is irrelevant." HOP Energy, L.L.C. v. Loc. 553 Pension Fund, 678 F.3d 158, 162 (2d Cir. 2012). As discussed supra, the General Release is unambiguous.

## Conclusion

The City's August 9, 2023, motion is granted. The Clerk of Court shall enter judgment for the defendants and close the case.

Dated:   New York, New York
         October 6, 2023

                                           _____
                                           DENISE COTE
                                           United States District Judge